# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JOSE LUIS HERNANDEZ,**<br>**Movant,** | **CRIMINAL NO.**<br>**1:11-CR-051-JEC-GGB** |
| **v.** | **CIVIL ACTION NO.**<br>**1:12-CV-0235-JEC-GGB** |
| **UNITED STATES OF AMERICA,**<br>**Respondent.** | **MOTION TO VACATE**<br>**28 U.S.C. § 2255** |

## FINAL REPORT AND RECOMMENDATION

Jose Luis Hernandez ("Movant" or "Hernandez") has filed a motion to vacate sentence under 28 U.S.C. § 2255 [Doc. 24]. Movant challenges the constitutionality of his 37-month sentence that was imposed on June 27, 2011 [Doc. 22], following his guilty plea on April 14, 2011. Presently before the Court for consideration are: (1) Movant's § 2255 motion to vacate [Doc. 24]; (2) the United States of America's (hereinafter "Government") response to Movant's motion to vacate [Doc. 32]; (3) Movant's Motion for Summary Judgment [Doc. 35]; and (4) the Government's response to Movant's motion for summary judgment [Doc. 36].

## I.   BACKGROUND

On February 9, 2011, a grand jury in this district returned a one-count indictment, charging that on December 19, 2010, Hernandez, who was an alien to the United States, was found in the United States after having previously been deported and removed, and had not obtained consent from the proper authorities to re-apply for admission to the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). [Doc. 1].  On April 14, 2011, Hernandez entered a non-negotiated plea of guilty to the one count in the indictment.  [Doc. 16].

 Prior to sentencing, Hernandez retained Ramon Fajardo to substitute for his previous counsel.  [Doc. 20].  Hernandez was sentenced on June 27, 2011 while represented by Fajardo.  [Doc. 31].

The Probation Office and the District Court used the 2010 edition of the Sentencing Guidelines Manual to calculate Hernandez's Advisory Guidelines range. [Doc. 43, PSR at ¶ 10]. Hernandez's base offense level was determined to be 8.  An additional 16 levels were added as directed by Section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines because Hernandez had been previously deported after a 1997 conviction for child molestation, a felony and a crime of violence. [Doc. 43, PSR at

AO 72A
(Rev.8/82)

¶¶ 11, 12]. After a three-level downward adjustment for acceptance of responsibility, Hernandez's total offense level was 21. [*Id.* at ¶ 18].

Hernandez received one criminal history point for a 2010 conviction for driving under the influence. [Doc. 43, PSR at ¶ 23]. Hernandez's 1997 child molestation conviction was not counted in the calculation of his criminal history points because it was outside the countable time frame. [*Id.*, PSR at 12]. The PSR therefore advised that the Court could consider that Hernandez's criminal history category of "1" under-represented Hernandez's criminal record. [*Id.*]. Hernandez's custody guideline range was 37-46 months. [Doc. 43, PSR at 11]. There were no objections to the PSR. [*Id.* at 13].

The Court sentenced Hernandez to thirty-seven (37) months imprisonment, which was the low end of the Advisory Guidelines range, and a term of supervised release of three (3) years. [Doc. 22]. The Court asked if there were any objections and Hernandez's counsel responded that there were none. [Doc. 31 at 22]. The Court informed Hernandez of his right to appeal his sentence and his right to appointed counsel if he could not afford counsel for an appeal. [*Id.*]. Hernandez did not file a direct appeal of his conviction or sentence. On January 23, 2012, Hernandez timely filed the present Section 2255 motion. [Doc. 24].

Additional facts are discussed in context below.

## II.  **DISCUSSION**

Hernandez asserts three related claims:  (1) his counsel was ineffective because he failed to raise before the Court "Proposed Amendment Six" to Section 2L1.2(b)(1)(A) of the Sentencing Guidelines [Doc. 24 at 3]; (2) the sentence imposed was in violation of 18 U.S.C. § 3553(a)(5)(A) and Proposed Amendment Six [Doc. 24 at 5]; and (3) the Court committed plain error by failing to consider Proposed Amendment Six before imposing sentence.  [Doc. 24 at 7].

On January 19, 2011, several proposed amendments to the Sentencing Guidelines were issued.  *See* www.ussc.gov/Gudelines/Proposed_Amendments.cfm (January 19, 2011 Proposed Amendments at 86-87).  Proposed Amendment Six (later numbered Amendment 754) recommended that Section 2L1.2(b)(1)(A) of the Sentencing Guidelines, which deals with unlawfully entering or remaining in the United States, be amended to limit the extent of enhancement for certain prior convictions.  If adopted, the Guidelines calculation would have changed in cases such as Hernandez's where a qualifying conviction did not receive criminal history points under Chapter Four of the Guidelines.  In that situation, under the proposed amendment, a maximum of 8 levels would have been added to a defendant's base offense level instead of 16, the number that

4

was added to Hernandez's base offense level. *Id.* However, the amendment that was actually adopted and became effective on November 1, 2011, provided for a 12-level enhancement for a crime of violence that did not receive criminal history points. Appendix C (Volume III), Amendments to the Guidelines Manual, Amendment 754. *See also United States v. Rodriguez-Garcia*, 459 F. App'x 754, 756 (10th Cir. 2012).

Hernandez correctly points out that, if applicable to his case, this Amendment (No. 754) would have limited the enhancement for his child molestation conviction to 12 levels instead of 16 levels. If only 12 levels had been added to Hernandez's base offense level, his adjusted Guidelines range would have been 27-33 months, instead of 37-46 months. However, Hernandez has no basis for alleging that his counsel was ineffective by failing to bring this amendment to the attention of the Court.

To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate (1) that his counsel's performance was deficient, i.e., counsel's performance fell below an objective standard of reasonableness, and (2) that the movant suffered prejudice as a result of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984). The court need not address both components of the inquiry if the movant makes an insufficient showing on one. *Id.* at 697. Hernandez cannot satisfy the first prong of the *Strickland* test because

5

he cannot show that his counsel's assistance was deficient and fell outside the wide range of professionally competent assistance.

Hernandez's arguments are based upon a *proposed* amendment to the Sentencing Guidelines. He does not argue that his guideline range was improperly calculated based upon the guidelines in effect at the time of sentencing. Proposed amendments do not give the Court authority to depart downward. *See United States v. Ford*, 184 F.3d 566, 588 (6th Cir. 1999) (citing *United States v. Morelli*, 169 F.3d 798, 809 n. 13 (3d Cir. 1999)("[P]roposed amendments to the Sentencing Guidelines do not provide independent legal authority for a downward departure.")). In fact, had the district court assumed that the proposed amendment would be adopted, that assumption would have been incorrect, because, as set forth above, the eventual amendment to the Guidelines differed from the proposed amendment.

Hernandez argues that the district court was required to consider the proposed amendment because 18 U.S.C. § 3553(a)(5)(A) provides that:

> The court, in determining the particular sentence to be imposed, shall consider . . .

> (5) any pertinent policy statement . . .

> (A) issued by the Sentencing Commission pursuant to section 994 (a)(2) of title 28, United States Code, subject to any amendments made to

6

such policy statement by Act of Congress (regardless of whether such amendment have yet to be incorporated by the Sentencing Commission into the amendments issued under section 994(p) of title 28; . . . .

Because Hernandez failed to make any objection regarding Section 3553(a)(5)(A) at his sentencing, and his sentence was not manifestly unjust, he has waived this claim. *See United States v. Neely*, 979 F.2d 1522, 1523-4 (11th Cir. 1992).

Moreover, Section 3553(a)(5)(A) is not applicable because it relates to policy statements. The amendment at issue changed the actual sentencing guidelines, not a policy statement. Guidelines are distinct from policy statements. *See e.g., United States v. Hofierka*, 83 F.3d 357, 361 (11th Cir. 1996). Also, Hernandez omits the second part of § 3553(a)(5) which states that the pertinent policy statement must be "in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5)(B). Here, the amended guideline was not in effect on the date Hernandez was sentenced. Thus, the district court did not err in failing to consider the proposed amendment, much less commit plain error.

Even if the proposed amendment could have been considered as a mitigating factor, an attorney is not ineffective for failing to raise every possible mitigating factor. *See Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). Here, the record reflects that counsel represented Hernandez well at sentencing. He provided letters

AO 72A
(Rev.8/82)

supporting Hernandez, made an argument, and presented Hernandez's wife, who gave a statement to the court. [Doc. 31 at 3–7]. Counsel succeeded in having Hernandez sentenced at the lowest end of the guideline range despite the Government's recommendation for a sentence at the high end of the guideline range. [*Id.* at 10, 12].

For the above reasons, (1) Hernandez's counsel was not ineffective; (2) the sentence imposed was not in violation of 18 U.S.C. § 3553(a)(5)(A): and (3) the district court did not commit plain error by failing to consider Proposed Amendment Six before imposing sentence.

## III. <u>CERTIFICATE OF APPEALABILITY</u>

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. §2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>See</u> *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

AO 72A
(Rev.8/82)

Movant has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

IV.  <u>CONCLUSION</u>

Based on the foregoing, **I RECOMMEND** that Movant's motion to vacate sentence [Doc. 24] be **DENIED.**

**I FURTHER RECOMMEND** that Movant's motion for summary judgment [Doc. 35] be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 14th day of December, 2012.


_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)